UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BARBARA MOON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:07CV01207 RWS ) |
| ALLSTATE PROPERTY & CASUALTY INSURANCE CO., et al. Defendants. | ) ) ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before me on Defendant State Farm Mutual Automobile Insurance Company's Motion to Remand Case to State Court [#9]. This case was removed from the Jefferson County Circuit Court based upon the existence of diversity of citizenship between Plaintiff and Defendants pursuant to the diversity jurisdiction of the Federal District Court and 28 U.S.C. § 1332(a)(1).

In its Removal Petition, Defendant State Farm alleged that Plaintiff sought recovery of an amount in excess of $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). State Farm has since filed the affidavit of Plaintiff Barbara Moon, stating the she "irrevocably agree[s] that the amount of damages claimed by [her] in this action is and will forever be less than $75,000." Therefore, I no longer have jurisdiction to hear this case and must remand it to state court.

When a case is remanded after removal, it should be returned to the state court from which it was removed. Tripp v. Kline, slip copy, 2007 WL 844821 (E.D. Mo. 2007). Because the amount in controversy does not exceed my jurisdictional limit of $75,000, I will remand this case to Jefferson County Circuit Court, the court from which this case was removed.

Accordingly,

**IT IS HEREBY ORDERED** that State Farm's Motion to Remand Case to State Court [#9] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case be **REMANDED** to Jefferson County Circuit Court.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 15th day of August, 2007.